

United States District Court
Southern District of
RECEIVED
      2000
JAN 03 1999
Michael N. Milby, Clerk of Court

Martin Resa
Reg. No. 82518-079
1900 Simler Avenue
Big Spring, Texas 79720

RE: B-98-00532-01

December 15, 1999

Clerk of the Court
U.S. District Court
Southern District of Texas
P.O. Box 1633
Brownsville, Texas 78520

Dear Sir or Madam:

Enclosed in triplicate is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to Title 28 U.S.C. § 2255 for filing with and consideration by this Honorable Court.

Please FILED-mark the triplicate copy and return to me for my records.

Sincerely,

*Martin Resa*
Martin Resa

ClibPDF - www.fastio.com

did not attempt to ask the Court for a downward departure for voluntary deportation and as such was ineffective.

## ISSUES INVOLVED

I. Does Petitioner have the right to effective assistance of counsel as guaranteed in the Constitution of the United States?

II. Were Petitioner's constitutional rights violated when he did not do a knowing or intelligent plea?

III. Were Petitioner's rights violated when he was not given a downward departure due to voluntary deportation?

(2)

## "Pro Se" Title 28 U.S.C. §2255 Filing
## A Less Stringent Standard

Petitioner respectfully requests this Honorable Court to hold Petitioner's "Pro Se" Motion herein prepared and filed pursuant to Title 28 U.S.C. §2255 to a less stringent standard than formal pleadings drafted by practicing attorneys as held by the Supreme Court of the United States. Further, Petitioner asserts that this complaint should not be dismissed for failure to state a claim, unless it appears beyond doubt that Petitioner can prove no set of facts in support of his claim which would entitle him to relief. <u>Haines v. Kerner</u>, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972).

Likewise in a §2255 proceeding, the District Court must accord the Petitioner an evidentiary hearing "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." If the records are inadequate to show conclusively that the prisoner's contentions are without merit, the District Court must conduct a hearing. <u>Anderson v. United States</u>, 948 F.2d 704 (11th Cir. 1991).

Petitioner asserts that, it has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgement. <u>United States v. Addonizio</u>, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 811 (1979). In determining whether a claim or error is cognizable under §2255, a distinction is drawn between constitutional errors on the one hand, and mere errors of law on

(3)

the other. See <u>Grimes v. United States</u>, 607 F.2d 6, 10-11 (2nd Cir. 1979).

Moreover, a Petitioning "Pro Se" prisoner whose claim is based on "a significant denial of a constitutional right" or "an error of significant constitutional dimension," may invoke protections embodied in §2255 "even though he could have raised the point on appeal and there was no sufficient reason for not doing so." See <u>United States v. Coke</u>, 404 F.2d 836, 846-47 (2d Cir. 1968) (en banc).

Consequently, a defendant generally bears the risk of attorneys' errors which result in a procedural default. Such errors <u>cannot</u> be attributed to the defendant when counsel's performance is constitutionally ineffective. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); <u>Murray v. Carrier</u>, 477 U.S. at 488, 106 S.Ct. at 2645; <u>Oranzio</u>, 876 F.2d at 1511. But where a trial, sentencing or appellate counsel is constitutionally ineffective, and his or her deficient performance results in actual prejudice to the defendant, the exceptional circumstances for the §2255 remedy is apparent. <u>Reed v. Ross</u>, 468 U.S. 1, 9, 104 S.Ct. 2901, 2906, 82 L.Ed. 2d (1984).

Further, relief under 28 U.S.C. §2255 is reserved for transgressions of constitutional rights, claims, or errors and will not bar habeas relief under §2255, absent a deliberate choice not to appeal made by conscious election. <u>Kaufman v. United States</u>, 394 U.S. 217, 220, n.3, 89 S.Ct. 1068, 1070-71, n.3, 22 L.Ed.2d 227, 233-34 (1969); <u>Buckelew v. United States</u>, 575 F.2d 515, 519 (5th Cir. 1978).

## Right To Appeal

A waiver of the right to appeal or challenge unknown sentence cannot be knowing and intelligent.

The United States District Court for the District of Columbia has served notice that it will not accept guilty pleas based on agreements that require the defendant to give broadly worded waiver of the right to appeal or collaterally challenge an as-yet unimposed sentence. Such a plea cannot be knowing or intelligent, the court said. It was especially critical of the Justice Department's policy evidenced in a memo sent to the U.S. Attorney's Office by the acting head of the Criminal Division, of trying to preserve its own sentence-appeal rights while requiring defendants to relinquish theirs. United States v. Raynor, D.C., Criminal No. 97-0186 (PLF) 12/29/97.

For all the defendant knows when he agrees to the bargain, the sentence subsequently imposed may turn out to be based on incorrect facts, or an incorrect application of the U.S. Sentencing Guidelines, the court said. This means the defendant does not really know what rights he is giving up at the time of the plea. The court complained that by extracting such waivers, the government upsets the balance struck by Congress, which has provided for sentencing uniformity, the goal of the U.S. Sentencing Guidelines. Another problem, the court continued, is that enforcement of this sort of waiver would prevent the courts from redressing instances in which defense counsel provided ineffective assistance of counsel.

When a defendant waives his right to appeal a sentence, however, he is freed of none of the uncertainties that surround the sentencing

process in exchange for giving up the right to later challenge a possible erroneous application or interpretation of the Sentencing Guidelines or a sentencing statute. For example, as in this case, when it comes time for sentencing in the case, the Court could make incorrect, unsupportative factual findings with respect to relevant conduct, loss, prior planning, or role in the offense.

    A defendant cannot knowingly, intelligently and voluntarily give up the right to appeal a sentence that has yet been imposed and about which the defendant has no knowledge as to what will occur at the time of the sentencing.

## COGNIZABLE ISSUES AND §2255

The enactment of the Sentencing Reform Act of 1984 created a fundamental change in the manner in which sentences are imposed and reviewed in federal courts. Under the Act, Judicial discretion in imposing sentences has been severely circumscribed, and in its stead, a comprehensive set of sentencing guidelines dictate the presumptive sentence that a given defendant should serve. Through introduction of these guidelines, Congress sought to replace the disparity that has typified the discretionary sentence system, emphasizing uniformity, proportionality, and certain punishment. United States v. Mistretta, 488 U.S. 361 (1989).

As part of the implementation of this system, Congress realized that appellate review of sentences is essential to assure that guidelines are applied properly and to provide law development of the appropriate reasons for sentencing outside the guidelines. See, S.Rep. No. 225, 98th Cong., 2d Sess., 158 reprinted in 1984 U.S.C.C.A.N. 3182,3342. To ensure that the guidelines system operated in a manner which would provide a level of consistency in the imposition of sentences of similar individuals committing like offenses. Congress enacted a provision, 18 U.S.C. §3742, which affords both the defendant and the federal government the opportunity to present certain challenges on direct appeal concerning the guidelines sentence imposed by the District Court. In conjunction with this provision, Congress also altered the District Court's authority under Rule 35 to correct any illegal

(7)

sentences that might have been imposed. See <u>United States v. Blackwell</u>, 81 F. 3d 945 (10th Cir. 1996).

Among other things, 18 U.S.C. §3742 provides that either the defendant or the federal government may challenge, on direct appeal, a sentence imposed in violation of law, 18 U.S.C. §3742(b)(1). From the Petitioner's perspective, this represents a mere codification of a remedy available even prior to the enactment of the Sentencing Reform Act of 1984, the Petitioner was authorized to seek direct appeal of an allegedly illegal sentence.

The fact that Congress codified a pre-existing remedy, however, does not by itself stand for the proposition that Congress also implicitly intended to circumscribe other available pre-existing statutory remedies. It is a cardinal rule of statutory construction that implying the repeal, either in whole or by narrowing in scope of the statute, by passage of subsequent statute is disfavored and should be condoned only when Congress' intent is manifest. See <u>United States v. Rodriguez</u>, 480 U.S. 522 (1987); <u>United States v. Continental Tuna</u>, 425 U.S. 164, 168-69 (1976); <u>Morton v. Mancari</u>, 417 U.S. 535 (1974). Where there are two acts upon the same subject, effect should be given to both if possible. See <u>Posades v. National City Bank</u>, 296 U.S. 535 (1936). Only when construction of two or more provisions result in an irreconcilable conflict should federal courts infer an implicit legislative intent to repeat a provision. See Rodriguez, supra, 480 U.S. at 523-24; <u>Krener v. Chemical Construction</u>, 456 U.S. 462, 468 (1982); Tennessee Valley Authority v. Hill, 437 U.S.

153 (1978).

An examination of differences between §2255 and §3742 convincingly demonstrates the continued recognition of the scope of §2255 subsequent conflict. Note that while Congress made changes to Rule 35 that explicitly foreclosed this vehicle for obtaining review of an allegedly illegal sentence, Congress took no action towards attending the scope of §2255. Under accepted rules of statutory construction, it is generally presumed that Congress, in drafting legislation is aware of well-established judicial construction of other pertinent existing statutes. See Goodyear Atomic v. Miller, 486 U.S. at 524-526. To the extent that newly enacted legislation modifies or repeals some statutes but leaves other statutes intact, the conclusion to be drawn is that Congress makes a determined choice not to alter those unaffected statutes. Where Congress includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion. Rodriguez, 480 U.S. 525; Rusello v. Wong Kim Bo, 472 F. 2d. 720 (5th Cir. 1972).

There is nothing inconsistent in recognizing that Congress could logically have changed Rule 35 without altering the scope of §2255. It cannot be denied that the legislative history of the two are wholly distinct. Viewing former Rule 35(a) and §2255 in light of their distinct purposes, Congress' decision to alter the avenue of relief under Rule 35(a), when it enacted §3742, is comprehensible and rational.

(9)

A motion brought pursuant to former Rule 35 was viewed as proceeding in the original criminal proceeding. <u>United States v. Arish</u>, 54 F.2d 512 (9th Cir. 1989); <u>United States v. Henry</u>, 709 F.2d 298 (5th Cir. 1983.)

On the other hand, proceedings under §2255 are not proceedings in the original prosecution, rather, a motion pursuant to 28 U.S.C. §2255 is akin to initiating an independent civil suit. See <u>United States v. Heflin</u>, 358 U.S. at 418 n.7 (1959). The underlying Congressional purpose for enactment of 28 U.S.C. §2255 was to authorize relief to any person who is denied his or her liberty in violation of the Constitution or the laws of the United States. Thus, in a suit brought under §2255, this Petitioner can raise any claim that could warrant habeas corpus relief. See <u>United States v. Kaufman</u>, 394 U.S. 217, 221-222 (1969).

Given these differences, it is easily understood why Congress chose to abolish former Rule 35(a) while leaving the availability of relief under §2255 intact. Congress' enactment of 28 U.S.C. §3742 and the simultaneous repeal of former Rule 35(a) can easily be understood as an attempt to streamline the original criminal proceeding. By leaving 28 U.S.C. §2255 unmodified, Congress guaranteed that review and relief would be available to insure that if, for some bonafide reason, a defendant did not or was not to avail himself of direct appeal, the fundamental error could nonetheless be corrected.

The Sentencing Reform Act of 1984 does not prevent a federal district court considering an allegation and challenge that the

(10)

sentence is factually illegal or unconstitutional. Congress enacted §2255 with the intention that the statute would serve as the primary method of collateral attack on a federally imposed sentence. However, the fact that Congress left 28 U.S.C. §2255 intact to serve as a vehicle to correct factually incorrect or unconstitutional sentences does not imply that defendants may forego their 18 U.S.C. §3742 statutory right of direct appeal. Prior and current case law makes evident that the right to afforded obtained by taking a direct appeal. In many instances, it is possible that a defendant's failure to raise sentencing issues in direct appeal may result in the conclusion that the defendant's failure to raise sentencing issues may result in the defendant procedurally defaulted the issue he now seeks to present.

  Petitioner is not attempting to make 28 U.S.C. §2255 do service for direct appeal. To the contrary, Petitioner raises the issue grounded upon the very fabric of the Constitution of the United States that every criminally charged defendant who is before a court of law under indictment of a felony offense, shall be guaranteed the fundamental right to a fair trial and to be represented by competent counsel who is for the defense. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). See also the Fifth and Sixth Amendments to the United States Constitution.

  Ineffective assistance of counsel is a cognizable ground under 28 U.S.C. §2255. See <u>United States v. Navejar,</u> 963 F.2d 732 (5th Cir. 1992).

  In this case, Petitioner's counsel was clearly ineffective and demands relief as set forth in the issues herein contained.

(11)

## ISSUE I: INEFFECTIVE ASSISTANCE

Petitioner's counsel was ineffective throughout the entire criminal proceedings. The Petitioner has the right to effective assistance of counsel. Counsel has a constitutional duty to make reasonable investigation or to make reasonable decisions that make particular investigations unnecessary. Strickland v. Washington, 466 U.S. 668, 691 (1984). The Sixth Amendment requires investigation and preparation, not to exonerate, but also to serve and protect the rights of the accused. Such constitutional rights are granted to the innocent and guilty alike, and failure to investigate and file appropriate motions or provide particular arguments is ineffective. Kimmelman v. Morrison, 477 U.S. 365.

The Sixth Amendment right to counsel "attaches" with the filing of formal criminal charges and extends to all critical stages of the proceedings. Moran v. Burbine, 475 U.S. 412 (1986); Michigan v. Jackson, 475 U.S. 625, 629 n.3 (1986).

The standard governing claims of ineffective assistance of counsel was articulated in Strickland.

First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial or judgement whose results are reliable.

In connection with the first prong, judicial scrutiny of counsel's performance must be deferential. The Court must make this determination considering all the circumstances based on the

(12)

facts of the case.

As for the prejudice prong, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process.

The case law that governs failure to raise legal issues at trial or sentencing is: <u>Quallis v. United States</u>, 654 A.2d 1281 (D.C. 1995); <u>Taylor v. United States</u>, 602 A.2d 451, 459-60; and, <u>Chavarria v. United States</u>, 505 A.2d 59, 65-66 (D.C. 1986).

In this case, Petitioner's counsel failed to address the issue of deportation, asking for a two-level downward adjustment for voluntary deportation or relief from deportation. When counsel did not raise these issues, he became ineffective and this resulted in a longer sentence than necessary, a violation of the Fifth and Sixth Amendment.

Because of this, Petitioner should have his sentence vacated, and new counsel appointed.

## ISSUE II: KNOWING PLEA

Petitioner's counsel was ineffective for pressuring Petitioner into a plea and not addressing the alien status of movant. This led to an unknowing, nonvoluntary, and unintelligent plea which is a violation of Petitioner's Fifth and Sixth Amendment rights.

Under the guideline sentencing system, a "knowing, intelligent, and voluntary" plea has been called an "oxymoron".

Because of upward adjustments, upward departures, and relevant conduct, a defendant who pleads guilty seldom understands the ultimate

(13)

consequences of accepting responsibility for the offense which he pleading. Indeed, even in those cases where there are stipulations as to what the guidelines should be, the Probation Officer and the Court are not bound by the stipulation unless they are presented under Fed.R.Crim.P. 11(e)(1)(c). In absence of such a binding stipulation the above factors can make a sentence a lot longer than the defendant anticipated when the pleas was entered.

Unless the defendant is made aware of all the facts both aggravating and mitigating, along with the possible sentence options awaiting him, before entering the plea, it is impossible to make the determination that the defendant "knowingly" entered the plea.

Rule 11(e)(2) pf the Fed.R.Crim.P. requires that the terms of the negotiated plea agreement be disclosed in open court, or in camera upon a showing of good cause, so as to allow th court the opportunity to either accept or reject the plea. Disclosing the terms of the plea agreement also enables the court to determine whether the defendant has entered into the plea "knowingly, intelligently, and voluntarily. The importance of determining whether the defendant is making an intelligent acceptance of the plea cannot be overstated.

Counsel should have taken issue with Petitioner's status of being an alien and asked for a departure for voluntary deportation or relief from deportation. This Petitioner was not afforded with that opportunity, and as such his rights were violated.

Counsel not taking issue with this is not only ineffective

(14)

assistance of counsel but resulted in an involuntary, and unintelligent plea.

Unless the Petitioner is made aware of all the facts both aggravating and mitigating, with a knowledge of what the results would be at sentencing and deportation, then there cannot be a knowing and intelligent plea.

Therefore. Petitioner's plea should be withdrawn and this Court hold an evidentiary hearing to determine if Petitioner has the right to a knowing and intelligent plea.

(15)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been provided the Court by mailing such through the U.S. Postal Service prepaid on this 21 day of December, 1999.

Dated: 12-21-99

MARTIN RESA
Martin Resa
Fed. Reg. No. 82518-079

(16)