United States District Court
Southern District of Texas
FILED

OCT 16 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |
| | § | |
| vs. | § | C.R. NO. B-98-532 |
| | § | |
| MARTIN RESA. | § | |
| Petitioner | § | |
| (C.A. B-00-006) | § | |

MOTION TO DISMISS
RESA'S MOTION FOR RELIEF
UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government", files this response and motion to dismiss Resa's motion for relief under 28 U.S.C. § 2255. In support thereof the government would show the court the following:

I.

JURISDICTION

On December 3, 1998, Resa pled guilty to the charge of illegal entry into the United States after deportation, a violation of 8 U.S.C. § 1326(a) and (b) (DOC 5). The district court imposed Resa's sentence on March 5, 1999: Resa was ordered to serve a 77-month term of imprisonment that was to be followed by a three-year term of supervised release (DOC 10). The judgment of conviction and sentence was entered by the district clerk on March 10, 1999 (DOC 12). Resa appeal to the United States Court of Appeals for the Fifth Circuit. The appeals was dismissed as frivolous (DOC 16). Resa timely filed the instant action on January 3, 2000.

## MOTION TO DISMISS AND AUTHORITIES

A. <u>Grounds for relief</u>

Resa's motion for relief raises two issues: (1) whether Resa was denied his right to the effective assistance of counsel when he entered his guilty plea and (2) whether Resa is entitled to a downward departure because he is an alien and willing to be deported voluntarily.

B. <u>Principles governing review of the assistance of counsel</u>

There are two components to any ineffective assistance of counsel claim: (1) deficient performance and (2) prejudice. A criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, _ U.S. _, 113 S.Ct. 838, 842 (1993)(quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984)). In *Fretwell*, the Court observed:

> [An] analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him.

_ U.S. _, 113 S.Ct. at 842-43. The "prejudice" prong of the *Strickland* test focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. "Unreliability or unfairness

2

does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Id _ U.S. _, 113 S.Ct. at 844.

To prevail on his claim, Resa must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. Id.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

In *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994). The court noted that *Lockhart v. Fretwell* requires a rather appreciable showing of prejudice. Id. To show prejudice in the sentencing context, Hill must show "a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been **significantly** less harsh." *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)(citing *Spriggs v. Collins*, 993 F.2d

3

85, 88 (5th Cir. 1993)). Under this standard, the court must consider such factors as the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. *Id.*

In *Armstead v. Scott*, 37 F.3d 202 (5th Cir. 1994), the Fifth Circuit reviewed the requirements for a successful ineffective assistance of counsel claim in the guilty plea context. In a guilty plea scenario, the petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for that error. 37 F.3d at 206 (citing *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985)). The defendant must affirmatively prove prejudice; a mere allegation of prejudice is not sufficient. The petitioner must establish that but for his counsel's erroneous advice, he would not have pleaded guilty but would have insisted on going to trial. 37 F.3d at 206 (citing *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990)). This assessment, in turn, will depend in part on a prediction of what the outcome of the trial might have been. *Id* (citing *Hill*, 474 U.S. at 56-58, 106 S.Ct. at 369-370). The court noted:

> Thus, in our prejudice inquiry we should consider (1) whether, but for counsel's error, the defendant would not have pled guilty but would have insisted on going to trial . . ., and (2) whether counsel's deficient performance caused the outcome to be unreliable, or the proceeding to be fundamentally unfair. . . "Unreliability or unfairness does not result if the ineffectiveness of

4

counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, _ U.S. _, 113 S.Ct. at 844.

37 F.3d at 207.

C.  <u>Application of the principles to the facts</u>

Resa's first complaint is grounded on the proposition that counsel should have sought a downward departure because he is a deportable alien and was willing to be deported voluntarily. Resa advances the proposition that counsel's failure to seek such a departure must be deemed unreasonable and said failure resulted a longer sentence. Counsel that refuses to make futile objections is not ineffective. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Resa was in the dock because he was a deportable alien who could not stay out of the United States. To show that he was entitled to a downward departure because he was willing to be deported again, counsel would have had to show that Resa's deportability somehow takes his case out of the heartland of 8 U.S.C. § 1326 cases. Since his deportability is, in fact, an element of the offense, the notion that this entitles Resa to a downward departure is absurd. Counsel's failure to seek a downward departure because Resa is a deportable alien is clearly not unreasonable. *See, United States v. Gonzalez-Portillo*, 121 F.3d 1122 (7th Cir. 1997)(court holds alienage is not a ground for departure in an immigration case). Consequently, Resa has wholly failed to allege and prove that he was denied his right to the effective assistance of counsel.

5

ClibPDF - www.fastio.com

Resa entered his guilty plea without a recommendation that a specific sentence be imposed. The plea was thus ostensibly entered under the authority of FED. R. CRIM. P. 11(e)(1)(B). To ensure that a guilty plea is knowingly entered, the court must inform the defendant of the maximum possible penalty provided by law, the effect of a term of supervised release, the sentence will be determined after consideration of the applicable guidelines, and the power of the sentencing court to depart from the applicable guideline range. FED. R. CRIM. P. 11(c)(1). Counsel's failure to predict the ultimate guideline sentence is not deemed ineffective. In *United States v. Barnes*, 83 F.3d 934 (7th Cir. 1996), the court notes "mere inaccurate prediction of a sentence" standing alone does not demonstrate deficient performance. This conclusion stems from the fact that sentencing consequences are extraordinarily difficult to predict even with the significant restrictions placed upon the sentencing court by the Sentencing Guidelines. Thus, "a mistaken prediction is not enough in itself to demonstrate deficient performance, even when that mistake is great, as is the case when an attorney errs about whether his client will be classified as a career offender." *Id.* at 940. To prove an attorney's performance was deficient, the defendant must show that the attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him. *Ibid.* Resa has wholly failed to allege that the court did not

6

admonish him with respect to the requirements of Rule 11(c)(1) and has failed to allege and show that his counsel failed to make a good faith estimate of his sentencing exposure before advising him to plead guilty.

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Although the allegations of a *pro se* complaint are held to a less stringent standard than the formal pleading drafted by lawyers, if it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief, the cause will be dismissed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). The issues raised by Resa can be resolved with resort to the record. The instant motion does not merit a hearing; relief should be summarily denied and the instant motion dismissed.

7

The government prays that the court enter an order dismissing Civil Case No. B-00-006.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss has been mailed on this the 16th day of October, 2000, via certified mail, return receipt requested to:

Mr. Martin Resa, *pro se*
Reg. No. 82518-079
1900 Simler Avenue
Big Spring, Texas 79720

_____
JAMES L. TURNER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent,<br><br>vs.<br><br>MARTIN RESA,<br>    Petitioner.<br>(C.A. NO. B-00-006) | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.R. NO. B-98-532 |

ORDER

It is hereby ORDERED that the Respondent's Motion for Summary Judgment is GRANTED IN PART.

SIGNED this _____ day of _____ 2000.

_____
UNITED STATES DISTRICT JUDGE

9