UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTIN RESA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-006 |
| | § | (CR. NO. B-98-532-01) |
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On December 3, 1998, Petitioner, Martin Resa, plead guilty to the charge of illegally entering the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b). On March 5, 1999, Petitioner was ordered to serve a 77-month term of imprisonment, and a three-year term of supervised release. Soon thereafter, Petitioner filed a timely appeal which the Fifth Circuit dismissed as frivolous. Petitioner now moves this Court vacate his sentence pursuant to 28 U.S.C. § 2255. To support his Motion, Petitioner alleges that (1) his counsel was ineffective for failing to "take issue with Petitioner's status as an alien," and for failing to ask the sentencing court "for a departure [from the sentencing guidelines] for voluntary deportation or relief from deportation;"[1] and (2) ineffectiveness of counsel caused him to enter a guilty plea that was not knowing or voluntary.

### LEGAL STANDARDS

Petitioners asserting ineffectiveness of counsel claims may only prevail if they can show (1) that their counsel's performance was deficient, and (2) that they were prejudiced by their counsel's deficient performance.[2] Where a defendant is not entitled to a downward departure from sentencing guidelines, an attorney does not render ineffective assistance by failing to ask for the downward

---

[1] See Docket No. 1, page 14.

[2] Strickland v. Washington, 466 U.S. 668, 687 104 S.Ct. 2052 (1984).

1

departure.[3] Moreover, neither a defendant's status as a deportable alien, nor a defendant's willingness to undergo voluntary deportation, justifies a downward departure from the sentencing guidelines that control 8 U.S.C. § 1326(a) and (b).[4] Thus, where a petitioner has asserted ineffectiveness of counsel due to his attorney's failure to request a downward departure, when the petitioner was not actually entitled to receive such a departure, petitioner's ineffectiveness of counsel claim must fail because his counsel's performance was not deficient.

Next, to show that an attorney's assistance was deficient in the guilty plea context, a petitioner must show that the attorney failed "to provide good-faith advice about the sentencing consequences of a guilty plea."[5] Additionally, "a defendant must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have pleaded guilty."[6] Where a petitioner can offer no evidence of such deficiencies, the petitioner is not entitled to a hearing and the court must dismiss the § 2255 motion.[7]

## STANDARDS APPLIED

In the instant case, Petitioner's § 2255 Motion must be dismissed because there is no evidence that Petitioner's plea was anything but knowing and voluntary. Petitioner alleges that his attorney's assistance was deficient for failing to ask for a downward departure from the sentencing guidelines. However, because Petitioner was not entitled to such a departure, the attorney's assistance here was not deficient.[8]

Additionally, Petitioner's argument that his attorney's ineffective assistance caused him to

---

[3]  *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that an attorney's failure to make meritless requests or objections is not ineffective assistance of counsel).

[4]  *United States v. Gonzalez-Portillo*, 121 F.3d 1122, 1123 (7th Cir.1997).

[5]  *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir.), cert. denied, 519 U.S. 857, 117 S.Ct. 156, 136 L.Ed.2d 101 (1996) (citing *McMann v. Richardson*, 397 U.S. 759, 769-71 90 S.Ct. 1441, 1448-49 25 L.Ed.2d 763 (1970)).

[6]  *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir.1999) (citing *Hill v. Lockhart*, 474 U.S. 52, 56-60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

[7]  *United States v. Smith*, 915 F.2d 959, 964-65 (5th Cir.1990).

[8]  *See United States v. Gonzalez-Portillo*, at 1123.

enter an unknowing, involuntary plea is not supported by the record. During Petitioner's re-arraignment proceedings the sentencing court took pains to make sure that Petitioner understood that pleading guilty could subject him to a sentence of "20 years imprisonment, or a $250,000 fine, or both."[9] Petitioner specifically stated that he understood the maximum sentence that could be imposed in his case.[10] Moreover, because the record also makes clear that there was no plea agreement in his case, Petitioner has alleged no facts which suggest that he had any reason to believe that he would be given a lesser sentence.[11] Because Petitioner has failed to allege any facts which show that he is entitled to relief, Petitioner is not entitled to a hearing.[12] Accordingly, Petitioner's Motion should be dismissed.

## RECOMMENDATION

For the reasons given above, it is the recommendation of this Report that Petitioner's § 2255 Motion be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 13th day of November, 2000.

_____
Felix Recio
United States Magistrate Judge

---

[9] See *USA v. Resa,* Record on Appeal, Vol. 2, page 7, lines 4-25.

[10] *Id.* at line 14.

[11] See *USA v. Resa,* Record on Appeal, Vol. 3, page 6, lines 14-15.

[12] *United States v. Smith,* at 964.